NO. 07-11-00294-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

AUGUST 15, 2011

IN RE LAKEITH AMIR-SHARIF, RELATOR

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Relator Lakeith Amir-Sharif, an indigent inmate proceeding *pro se*, has filed a petition for writ of mandamus complaining that respondents the Honorable Edward L. Self, judge of the 242nd Judicial District Court, and Ms. Brenda Hudson, District Clerk of Swisher County, wrongly caused his name to be added to the list of vexatious litigants maintained by the Texas Office of Court Administration.[1]  He seeks an order of this court compelling respondents to "rescind the erroneous submission."  We will dismiss the petition as to Ms. Hudson for want of jurisdiction and deny the petition as to Judge Self.

Analysis

The District Clerk

A court of appeals has no jurisdiction to issue a writ of mandamus against a district clerk unless necessary to enforce its jurisdiction.  *In re Coronado,* 980 S.W.2d

---

[1] *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.104(a) (West 2002).

691, 692 (Tex.App.--San Antonio 1998, orig. proceeding) (per curiam); Tex. Gov't Code Ann. § 22.221(a),(b) (West 2004). Relator has not shown that a writ of mandamus directed to the district clerk is necessary to enforce our jurisdiction. We therefore lack jurisdiction to issue the writ of mandamus relator seeks against the district clerk, Ms. Hudson.

The District Judge

In his petition, relator presents a detailed factual narrative on which his claim for mandamus relief depends. However, he did not certify that every factual statement in his petition is supported by competent evidence included in the appendix or record as required by Rule of Appellate Procedure 52.3(j). Tex. R. App. P. 52.3(j). Indeed, relator did not file a proper mandamus appendix and record. Tex. R. App. P. 52.3(k)(1) (appendix), 52.7 (record); *see In re Butler,* 270 S.W.3d 757 (Tex.App.--Dallas 2008, orig. proceeding) (discussing required certification and form for appendix and record). Instead, attached to relator's petition are two documents pertaining to a Dallas County case number. Neither is certified or sworn. Without regard to the merits of relator's petition, his failure to provide an appendix or record supporting his entitlement to the relief he requests would require us to deny his petition.

Moreover, as noted, the two documents attached to relator's petition refer to a Dallas County court proceeding, not one occurring in Swisher County. One of the documents is a copy of the Office of Court Administration's list of vexatious litigants subject to prefiling orders, containing relator's name. The list states a prefiling order was issued against relator in the Dallas County proceeding. *Amir-Sharif v. Quick Trip*

2

*Corp., et al.,* No. DC-09-13818 (101st Dist. Ct., Dallas County, Tex. Nov. 12, 2009). The second document appended to relator's petition is a copy of the mandate issued by the Fifth Court of Appeals, regarding its reversal of the judgment of the Dallas County trial court. *Amir-Sharif v. Quick Trip Corp.,* No. 05-09-1497-CV, 2011 Tex. App. Lexis 2708 (Tex.App.--Dallas Apr. 12, 2011, no pet.). Neither of those documents suggests relator's inclusion on the vexatious litigant prefiling order list resulted from any action of Judge Self.[2] Not only does the record relator submits fail to support issuance of mandamus relief, it fails to show that Judge Self has committed any abuse of discretion to the detriment of relator.

Conclusion

For the reasons stated, relator's petition for writ of mandamus is dismissed as to Ms. Hudson for want of jurisdiction and denied as to Judge Self.

James T. Campbell
Justice

---

[2] On our own motion, we take judicial notice of the contents of this court's file in relator's recent appeal of an action in the 242nd District Court, Swisher County. *Amir-Sharif v. Zeller,* No. 07-10-0244-CV, 2011 Tex. App. Lexis 1459 (Tex.App--Amarillo Feb. 28, 2011, pet. denied). Nothing in that file suggests any action of Judge Self or the District Clerk of Swisher County caused relator's name to appear on the prefiling order list maintained by the Office of Court Administration. The clerk's record of that Swisher County proceeding does not contain a prefiling order issued by the 242nd District Court.