**Deny and Opinion Filed September 17, 2014**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-01163-CV

### IN RE SUSAN GRIFFIN WARREN, Relator

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-14-06580**

## MEMORANDUM OPINION

Before Justices O'Neill, Lang, and Brown
Opinion by Justice Lang

Relator filed this petition for writ of mandamus challenging the trial court's actions with respect to her bill of review. The facts and issues are well-known to the parties so we do not recount them here. Relator's petition does not comply with the rules of appellate procedure. TEX. R. APP. P. 52.3(j), (k); *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying petition for writ of mandamus because petition and record not authenticated as required by the Texas Rules of Appellate Procedure). In addition, mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no other adequate remedy by law." *Id.* Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has

clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker,* 827 S.W.2d at 839. Relator has an adequate remedy by appeal. For these reasons, relator has failed to establish her right to relief. TEX. R. APP. P. 52.8.

/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

141163F.P05