**DENY; and Opinion Filed September 17, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01172-CV

### IN RE STEVEN B. AUBREY, Relator

**Original Proceeding from the Probate Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. PR-14-01486-3**

## MEMORANDUM OPINION
Before Justices O'Neill, Lang, and Brown
Opinion by Justice O'Neill

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to vacate its July 21, 2014 "Order Vacating Order to Produce Accounting Signed July 7, 2014" and to order the trial court to sign an order requiring an accounting of the two trusts at issue in the case. The facts and issues are well-known to the parties so we do not recount them here. Relator's petition does not comply with the rules of appellate procedure. TEX. R. APP. P. 52.3(k), 52.7(a); *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying petition for writ of mandamus because petition and record not authenticated as required by the Texas Rules of Appellate Procedure).

In addition, mandamus is an extraordinary remedy that is available only in limited circumstances. *CSR Ltd. v. Link,* 925 S.W.2d 591, 596 (Tex. 1996) (orig. proceeding) (citing *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding)). Mandamus is appropriate "only to correct a clear abuse of discretion or the violation of a duty imposed by law

when there is no other adequate remedy by law." *Id.* Ordinarily, to obtain mandamus relief, a relator must show both that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.,* 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding); *Walker,* 827 S.W.2d at 839. Relator has not met these requirements. For these reasons, relator has failed to establish his right to relief. TEX. R. APP. P. 52.8.

/Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE

141172F.P05