**Denied; and Opinion Filed May 18, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

No. 05-15-00592-CV
No. 05-15-00597-CV
No. 05-15-00594-CV
No. 05-15-00596-CV
No. 05-15-00595-CV

## IN RE ELVIN OMAR VASQUEZ, Relator

**Original Proceeding from the 204th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F10-35051-Q, F10-35055-Q, F10-35052-Q, F10-35054-Q, F10-35053-Q**

## MEMORANDUM OPINION
Before Justices Lang, Fillmore, and Brown
Opinion by Justice Lang

Relator filed this petition for writ of mandamus requesting that the Court order the trial court to rule on and grant his "motion to strike void orders" concerning the disposition of the funds in his inmate trust account. The petition does not include the certification, required by rule 52.3(j) of the rules of appellate procedure, that the person filing the petition has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record. *See* TEX. R. APP. P. 52.3(j). The motion also does not include a docket sheet or other form or proof that the trial court has not ruled on relator's motion. *See* TEX. R. APP. P. 52.3(k)(1)(A) (necessary contents of petition for writ of mandamus include certified or sworn copy of any order complained of, or any other document showing matter complained of).

Because the parties in an original proceeding before this Court assemble their own record, *see* TEX. R. APP. P. 52.3(j), (k), the Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *See, e.g.*, *In re Butler,* 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (finding affidavit insufficient to authenticate record because it did not state affiant had "personal knowledge the copy of the order in the appendix is a correct copy of the original."). We must do so whether a party is represented by counsel or not. *Barnes v. State,* 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding) (Although claims pleaded in pro se inmate petitions should be liberally construed, same procedural standards apply to inmates as to other litigants.)

Because relator's petition does not comply with rule 52, he has not demonstrated that he is entitled to relief. We deny the petition. TEX. R. APP. P. 52.8.


/Douglas S. Lang/
DOUGLAS S. LANG
JUSTICE

150592F.P05