**DISMISSED and Opinion Filed October 21, 2019**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-19-01194-CV

### IN RE HARVEY CATHCART, Relator

**Original Proceeding from the Criminal District Court No. 4
Dallas County, Texas
Trial Court Cause No. F14-76880-K**

## MEMORANDUM OPINION

Before Justices Whitehill, Partida-Kipness, and Pedersen, III
Opinion by Justice Whitehill

In this original proceeding, relator has filed a petition for writ of mandamus to compel the trial court to change its ruling on a motion for nunc pro tunc judgment to grant him additional time credit. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain any type of certification or inmate declaration verifying the truth of the allegations in the petition. Thus, relator's certification does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Furthermore, to establish a right to mandamus relief, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator

has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rules 52.3 and 52.7 require the relator to provide "a certified or sworn copy" of any order complained of, any other document showing the matter complained of, and every document that is material to the relator's claim for relief that was filed in any underlying proceeding. TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 758–59.

Relator has attached a copy of what appears to be a TDC printout to his petition. The printout is not a certified or sworn copy. There are no certified or sworn copies of the motion relator allegedly filed, the trial court's order on the motion, the trial court's judgment, or any other documents that would support relator's claim to additional time credit.

Without an authenticated petition and a proper record of supporting documentation, relator cannot establish the trial court has violated a ministerial duty by failing to grant his motion for nunc pro tunc judgment. We conclude relator is not entitled to mandamus relief. *Butler*, 270 S.W.3d at 759.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Bill Whitehill/
BILL WHITEHILL
JUSTICE

191194F.P05

–2–