**DENIED and Opinion Filed November 2, 2020**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00651-CV**

**IN RE JOSEPH WAYNE HUNTER, Relator**

**Original Proceeding from the 265th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F13-56295-R**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Evans
Opinion by Justice Myers

Joseph Wayne Hunter has filed a petition requesting a writ of mandamus to compel the State to file a response to his motion requesting forensic DNA testing and to compel the trial court to proceed with a ruling on the motion and on a related motion to appoint counsel. We dismiss the petition as to the State and deny relief as to the respondent trial court.

This Court does not have jurisdiction to issue a writ of mandamus against a district attorney unless it is necessary to enforce our own jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (authorizing court of appeals to issue writs of mandamus against district and county judges within appellate court's geographic

jurisdiction or when necessary to enforce appellate court's jurisdiction); *In re Scott*, 07-02-00350-CV, 2002 WL 31002023, at *1–2 (Tex. App.—Amarillo Sept. 5, 2002, orig. proceeding) (per curiam). Relator is not complaining about actions in an appeal pending in this Court and, therefore, we have no jurisdiction to grant mandamus relief against the State. *Scott*, 2002 WL 31002023, at *1–2. Accordingly, we dismiss relator's petition for writ of mandamus to the extent it requests mandamus relief against the State.

Turning to relator's complaint against the respondent trial court, a petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition certifies under penalty of perjury only that "the foregoing is correct and true." Thus the petition does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

–2–

Relator's appendix contains a partial trial court docket sheet showing he filed the motions at issue, but it does not contain a copy of the motion for forensic DNA testing he seeks to have enforced and only a partial copy of the motion seeking appointment of counsel. Thus, relator's appendix does not meet the requirements of rule 52.3(k) and rule 52.7(a).

As the party seeking relief, the relator has the burden of providing the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly certified petition backed with a sufficient record, relator cannot show he is entitled to relief. *See Butler*, 270 S.W.3d at 758–59.

Accordingly, we deny relief on relator's petition for writ of mandamus.

/Lana Myers/
LANA MYERS
JUSTICE

200651F.P05