**DENY and Opinion Filed July 6, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00497-CV**

**IN RE PAMELA NESBIT, Relator**

**Original Proceeding from the County Court at Law No. 4**
**Dallas County, Texas**
**Trial Court Cause No. CC-19-02580-D**

## MEMORANDUM OPINION

Before Justices Schenck, Nowell, and Garcia
Opinion by Justice Garcia

In this original proceeding, Relator challenges the trial court's order to release supersedeas bond funds Relator posted in a forcible entry and detainer action brought against her by her landlord.

As the party seeking relief, relator has the burden of providing the Court with a sufficient record to establish her right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with her petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Additionally, rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material

to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

There are no certified documents attached to Relator's petition, and the documents that are attached demonstrate that Relator did not pay rent in the forcible detainer action and never perfected an appeal of the judgment entered against her in that cause. Without a properly authenticated appendix containing certified or sworn copies of documents showing she is entitled to relief relator has not met her burden. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

In addition, entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Based on the petition and record before us, we conclude that relator has failed to show her entitlement to the relief requested. Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

210497F.P05

–2–