**DENIED and Opinion Filed August 27, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00728-CV**

**IN RE AMY HAGEN, Relator**

**Original Proceeding from the 469th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 469-54042-2016**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Goldstein
Opinion by Justice Pedersen, III

Relator Amy Hagen has filed a petition for writ of habeas corpus seeking relief

from the trial court's August 18, 2021 order holding her in contempt and committing

her to the county jail for twelve days. We deny relief.

Relator must file with the petition a sufficient record to establish the right to

relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule

52.7(a)(2) requires the relator to file with the petition "a properly authenticated

transcript of any relevant testimony from any underlying proceeding, including any

exhibits offered into evidence, or a statement that no testimony was adduced in

connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

Relator's petition and the trial court's order indicate that before holding relator in contempt, the trial court conducted a hearing on Movant's Second Amended Motion on Enforcement of Possession or Access and Counseling Orders. The petition indicates the hearing began on August 17, 2021 and concluded on August 18, 2021. The trial court's contempt order states "[t]he record of testimony was duly reported by the court reporter for the 469th District Court."

Relator's petition is not accompanied by a reporter's record of the evidentiary hearing held in this matter. *See* TEX. R. APP. P. 52.7(a)(2). Without a reporter's record from the contempt hearing, we cannot conclude relator has filed a sufficient record to obtain habeas relief. *See id.*; *In re Norvell*, 610 S.W.3d 598, 599–600 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (per curiam) (dismissing mandamus proceeding for failure to file transcript of evidentiary hearing); *see also In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (denying mandamus relief for failure to meet rule 52 procedural requirements); *In re Daniels*, No. 05-20-00501-CV, 2020 WL 2715406, at *1–2 (Tex. App.—Dallas May 26, 2020, orig. proceeding) (mem. op.) (denying habeas and mandamus relief for, among other deficiencies, failure to file reporter's record of contempt hearing or statement that no testimony was taken).

We deny relator's petition for writ of habeas corpus without prejudice to filing

for further relief with a proper record.

210728f.p05

/Bill Pedersen, III//
BILL PEDERSEN, III
JUSTICE