

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00079-CV

_____

IN RE HEATHER MARIE TIDWELL

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Heather Maire Tidwell has filed a petition for a writ of mandamus asking this Court to vacate a temporary order in a suit affecting the parent-child relationship entered by the Honorable Charles Butler, judge of the County Court at Law of Fannin County, Texas. We conclude that the petition is not properly authenticated and that the attached documents are not properly sworn as required by the Texas Rules of Appellate Procedure. As a result, we deny the requested relief.

Rule 52.3(j) of the Texas Rules of Appellate Procedure provides, "The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Here, Relator's verification states that her counsel "has read the foregoing Petition for Writ of Mandamus, and that every statement of fact contained therein, not independently proved and verified through the mandamus record, is within his personal knowledge true and correct." While counsel references his personal knowledge, no mandamus record was filed with the petition. Although an appendix was filed, it is not referenced in the certification of the petition. As a result, counsel's statement falls short of the requirement to certify that he has reviewed the petition and "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j).

Also, the documents attached to the petition are not properly sworn. Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure requires a relator to file with its petition for a writ of

2

mandamus "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding[.]" TEX. R. APP. P. 52.7(a)(1). No mandamus record was filed. Instead, the first attachment in the appendix purports to be the trial court's file, but it is unclear whether each document attached was filed in the underlying proceeding. Because Relator attempts to use the appendix as a mechanism for attaching what should be included in the mandamus record, she must comply with Rule 52.7. Additionally, an appendix must "contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A).

"'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Porter*, No. 06-21-00054-CV, 2021 WL 2425251, at *1 (Tex. App.—Texarkana June 15, 2021, orig. proceeding) (mem. op.) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding))). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d at 759).

Here, the affidavit filed by Relator states merely "that all documents designated and included in the Appendix to the Petition for Writ of Mandamus and the mandamus record are true and correct copies of the originals." The affidavit "did not contain any recitation that it was

3

based on the personal knowledge of the affiant." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding). As a result, the language of the affidavit is insufficient. *See id.* (finding insufficient language that "[a]ttached to this [r]ecord are true and correct copies of every document that is material to Relator's claim for relief and was filed in the underlying proceeding" (citing *In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (mem. op.) (finding insufficient the recitation that "documents attached in the appendix are documents filed in this cause of action"))); *In re Butler*, 270 S.W.3d at 758 (finding insufficient the recitation that "[t]he documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents").

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Porter*, 2021 WL 2425251, at *1 (quoting *In re Morehead*, No. 06-21-00025-CV, 2021 WL 1652064, at *2 (Tex. App.—Texarkana Apr. 28, 2021, orig. proceeding) (mem. op.) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.))). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Long*, 607 S.W.3d at 446 (citing *In re Henderson*, 2015 WL 13522812, at *2; Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1)).

Because Relator did not comply with the Texas Rules of Appellate Procedure, we deny

the petition for a writ of mandamus.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:      November 3, 2021
Date Decided:        November 4, 2021