**In re William BUTLER, Rodney Beaty, Warren Fletcher, Tommy Fletcher, and Warren D. Fletcher, L.L.C., Relators.**

No. 05–08–01443–CV.

Court of Appeals of Texas, Dallas.

Nov. 21, 2008.

Bradley Howard, Brown & Fortunato, P.C., Amarillo, TX for Relators.

Christopher Thomas Vickers, Roy Golsan, Curtis Lyndon Laird, Chris Vickers & Associates, P.L.L.C., Colleyville, TX, Real party in Interest.

Before Justices WHITTINGTON, FITZGERALD, and LANG–MIERS.

### OPINION

Opinion by Justice FITZGERALD.

In this original proceeding, William Butler, Rodney Beaty, Warren Fletcher, Tommy Fletcher and Warren D. Fletcher, L.L.C., relators, contend the trial judge abused his discretion by denying their motion to disqualify opposing counsel. We conclude relators' petition and record are not authenticated as required by the Texas Rules of Appellate Procedure and accordingly deny relators' request for relief.

### RULE 52.3(j)

■ Rule 52.3(j), which became effective September 1, 2008, provides:

*Certification.* The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record.

Tex.R.App. P. 52.3(j). In the affidavit attached to the petition for writ of mandamus, relators' attorney states: "I have reviewed the foregoing Petition for Writ of Mandamus and the factual statements contained therein are to my knowledge true and correct." Unlike the prior version of rule 52.3, the factual statements contained in a petition for writ of mandamus need no longer be verified by affidavit made on personal knowledge by an affiant competent to testify to the matters stated. However, the relator must comply with the current requirement of rule 52.3(j) by certifying the factual statements contained in the petition are supported by competent evidence included in the appendix or record. Tex.R.App. P. 52.3(j). The relators have not done this, and, thus, their certification does not meet the requirements of rule 52.3(j).

### RULE 52.3(k)

■ Rule of appellate procedure 52.3(k)(1) states the appendix to the petition must contain:

(A) a certified or sworn copy of any order complained of, or any other document showing the matter complained of.

Tex.R.App. P. 52.3(k)(1)(A). In the affidavit attached to the petition for writ of mandamus, relators' attorney states: "The documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents." The appendix to relators' petition for writ of mandamus contains an uncertified order denying their motion to disqualify opposing counsel. Be-

cause the order is not certified by the trial court clerk, the question we must resolve is whether the language of relators' affidavit is sufficient to render the order a sworn copy as required by the rule. We conclude the language of relators' affidavit is insufficient to meet the requirements of rule 52.3(k).

 Documents that are attached to a properly prepared affidavit are sworn copies. *See Republic Nat'l Leasing Corp. v. Schindler,* 717 S.W.2d 606, 607 (Tex.1986) (per curiam). "An affidavit is a 'statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office.'" *Goggin v. Grimes,* 969 S.W.2d 135, 138 (Tex.App.-Houston [14th Dist.] 1998, no pet.). An affidavit must affirmatively show it is based on the personal knowledge of the affiant. *See Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). An affidavit is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them. *Gerstacker v. Blum Consulting Eng'rs, Inc.,* 884 S.W.2d 845, 848 (Tex. App.-Dallas 1994, writ denied) (citing *Brownlee,* 665 S.W.2d at 112).

Relators' affidavit does not "positively and unqualifiedly represent the 'facts' as disclosed to be true and within the affiant's personal knowledge." *Brownlee,* 665 S.W.2d at 112. Affiant does not state he has personal knowledge the copy of the order in the appendix is a correct copy of the original. Rather, in the relevant paragraphs of the verification, affiant states *"to my knowledge,"* an equivocal statement implying less than personal knowledge. *See Brownlee,* 665 S.W.2d at 112; *Ger-*

*stacker,* 884 S.W.2d at 848. Relators' affidavit does not meet the requirements of rule 52.3(k).

## RULE 52.7

 Rule of appellate procedure 52.7 provides a relator must file with the petition a record containing:

(1) a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding.

Tex.R.App. P. 52.7(a)(1). The record submitted by relators is uncertified, and the language of the affidavit is, for the reasons explained above, insufficient to render the documents contained in the record sworn copies of the originals. Relators' affidavit does not meet the requirements of rule 52.7.[1]

Because we conclude relators' petition and record are not authenticated as required by the Texas Rules of Appellate Procedure, we **DENY** the petition for writ of mandamus.

---

1. Real parties filed a motion to strike relators' petition for writ of mandamus. In response, relators filed a supplemental appendix that contained the affidavits of Bradley W. How-ard, William Butler, and Rodney Beaty. These affidavits do not correct the deficiencies noted above.