**DENIED and Opinion Filed April 8, 2020**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-20-00399-CV**

**IN RE LARRY JAMES BUDOW, Relator**

**Original Proceeding from the 401st Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 401-80851-2012**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Molberg and Evans
Opinion by Chief Justice Burns

In this original proceeding, Larry James Budow has filed a petition for writ of mandamus requesting the Court to compel the trial court to hear his motion for nunc pro tunc judgment requesting credit on his sentence. Because the petition does not comply with the rules of appellate procedure, we deny relief.

Initially, we note relator has not signed his petition. The rules of appellate procedure require an unrepresented party to sign documents filed with the Court. *See* TEX. R. APP. P. 9.1(b).

Secondly, the petition is not properly certified. A petition seeking mandamus relief must contain a certification stating that relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent

evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The Court requires relator's certification to state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition does not contain a certification and thus does not comply with the certification requirement of rule 52.3(j). *See id.*

Finally, relator's petition is not supported by a proper record. Rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has failed to attach any documents to his petition. As the party seeking relief, relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a properly authenticated appendix containing certified or sworn copies of documents, relator has not shown his entitlement to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Because relator's petition is not signed, properly certified, and supported by

an adequate record, we deny relief. *See id.* at 758–59.

/Robert D. Burns,III/

ROBERT D. BURNS, III
CHIEF JUSTICE

200399F.P05