**DENIED and Opinion Filed April 8, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-20-00359-CV

## IN RE KELDRICK GREEN, Relator

**Original Proceeding from the 283rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. F96-14798-RT**

## MEMORANDUM OPINION

Before Justices Myers, Molberg, and Evans
Opinion by Justice Myers

In this original proceeding, Keldrick Green seeks a writ of mandamus to compel the trial court to order the State to produce discovery materials arising from his 1996 trial. Relator claims he needs the discovery for a prospective 11.07 writ application. Relator alleges he filed a motion for discovery in the trial court seeking the State's responses to any motions, witness statements, police reports, DNA evidence, book-in sheets, exhibits, statements from the complainant, tape recordings and videotapes, any exculpatory evidence, and any inducements, arrangements, agreements or promises offered to any of the witnesses. Relator further alleges the trial court denied his motion for discovery by order entered November 20, 2019.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification and thus does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Furthermore, rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached copies of his motion for discovery and the trial court's order to his petition, but the documents are not certified or sworn copies and thus not properly authenticated under the rules of appellate procedure. As the party seeking relief, relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without an authenticated record, relator cannot show he is entitled to relief. *See Butler*, 270 S.W.3d at 759.

Moreover, to establish a right to mandamus relief, relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re*

*State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The trial court has ruled on relator's motion and relator does not identify any other ministerial duty the trial court has not performed.

After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case. *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002) (plurality op.). The trial court retains limited jurisdiction to address certain matters such as ensuring that a higher court's mandate is carried out, fact finding on habeas applications, and presiding over post-conviction DNA testing. *Id.* Relator's effort to obtain discovery from the State does not fall within the trial court's limited continuing jurisdiction. *See id.* Thus, we cannot conclude the trial court violated a ministerial duty by denying relator's motion for discovery.

Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a) (the court must deny the petition if the court determines relator is not entitled to the relief sought).

/Lana Myers/
_____
LANA MYERS
JUSTICE

200359F.P05