**DENIED and Opinion Filed August 28, 2020**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-20-00688-CV

## IN RE ANTHONY DAVID TEAGUE, Relator

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-82919-2013**

## MEMORANDUM OPINION
Before Chief Justice Burns and Justices Myers and Evans
Opinion by Chief Justice Burns

In this original proceeding, Anthony David Teague petitions the Court for a writ of mandamus to compel the trial court to rule upon his motion to appoint counsel "for help in gathering evidence in support of his actual innocence claim." Relator concedes the trial court has already denied his motion to appoint counsel as part of his 11.07 habeas proceedings, but he claims the trial court should not have considered it in connection with the habeas proceeding because it was filed in his main criminal case. We deny relief.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record."

TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification and thus does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, as the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator has attached an uncertified, unsworn copy of a letter from the trial court clerk stating the clerk had sent the trial court a motion to appoint counsel and the trial court had returned the motion without taking any action. Relator has also attached copies of this Court's opinion and judgment dismissing his attempted appeal of the trial court's findings of fact and conclusions of law on his article 11.07 habeas writ application. However, relator has not filed a certified or sworn copy of the motion at issue in this mandamus proceeding. Without a copy of the motion for which he seeks the Court's assistance, relator cannot establish that the trial court has

violated a ministerial duty entitling him to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Finally, even if relator cured the technical issues with his petition, he admits the trial court has already denied his motion to appoint counsel, although he contends the trial court considered it in the wrong proceeding.

We conclude relator has not shown he is entitled to mandamus relief. *See id.* at 758–59. Accordingly, we deny relator's petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

200688F.P05