**Denied and Opinion Filed February 2, 2021**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-21-00020-CV

### IN RE DAVID BARNES, Relator

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Myers, Partida-Kipness, and Carlyle
Opinion by Justice Partida-Kipness

In his January 11, 2021 petition for writ of mandamus, relator asks us to compel the trial court to vacate its order after de novo review. Entitlement to mandamus relief requires relator to show that the trial court has clearly abused its discretion and that relator has no adequate appellate remedy. *In re Prudential Ins. Co.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

As the party seeking relief, relator has the burden of providing the Court with a properly authenticated mandamus record establishing his right to mandamus relief. *See* TEX. R. APP. P. 52.3(k), 52.7(a); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) (requiring relator to submit a properly authenticated

record containing certified or sworn copies of documents showing entitlement to relief). Further, "[a] court cannot grant mandamus relief unless the error was raised in the trial court." *In re Rowes*, No. 05-14-00606-CV, 2014 WL 2452723, at *1 (Tex. App.—Dallas May 30, 2014, orig. proceeding) (mem. op.). Based on the record before us, we conclude relator has not shown his entitlement to the relief requested. Accordingly, we deny the petition for writ of mandamus without prejudice to refiling a sufficient, properly authenticated record.

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

210020F.P05