

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00068-CV
_____

IN RE LANDSTAR RANGER, INC.

Original Mandamus Proceeding

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

On July 30, 2021, Relator Landstar Ranger, Inc., filed a petition for a writ of mandamus complaining of the trial court's July 22, 2021, discovery order permitting the Real Party in Interest to take certain depositions of purported assistants of Relator's expert witness. We deny the petition.[1]

After reviewing the record, we conclude that Relator failed to comply with Rules 52.7(a)(1) and 52.3(j) of the Texas Rules of Appellate Procedure. Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of."). "'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding))). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *Id.* (quoting *In re Henderson*, 2015 WL 13522812, at *1 (citing *In re Butler*, 270 S.W.3d at 759)).

---

[1]In conjunction with the petition for a writ of mandamus, Relator filed a motion for an emergency stay of the trial court's order compelling discovery. Because we deny the mandamus petition, the emergency motion is denied.

Although the affidavit filed by Relator stated that the "documents contained in Relator's Mandamus Record are true and correct copies of the original documents in the records of the trial court," this language is insufficient because it contains no recitation that it was based on the personal knowledge of the affiant. *Id.* at 445; *see In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (mem. op.) (finding insufficient the recitation that "documents attached in the appendix are documents filed in this cause of action"); *In re Butler*, 270 S.W.3d at 758 (finding insufficient the recitation that "[t]he documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents"); *see also In re Gentry*, No. 05-20-00442-CV, 2020 WL 2519892, at *1 (Tex. App.—Dallas May 18, 2020, orig. proceeding) (mem. op.) (finding insufficient the recitation on a certification that the petition was "TRUE and CORRECT, to the best of my knowledge under the threat of perjury").

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record." *In re Long*, 607 S.W.3d at 445 (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.))). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Long*, 607 S.W.3d at 446 (quoting *In re Henderson*, 2015 WL 13522812, at *2) (citing TEX. R. APP. P. 52.3(k)(1)(A),

3

52.7(a)(1))). Because the affidavit is insufficient, the documents attached thereto are not sworn copies as is required by Rules 52.3(k)(1)(A) and 52.7(a)(1) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a)(1).

In addition, Rule 52.3(j) of the Texas Rules of Appellate Procedure provides, "The person filing the petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). The mandamus petition failed to contain a certification as is required by Rule 52.3(j).

Here, the record provided to this Court does not comply with Rules 52.3(k)(1)(A) and 52.7(a)(1), and the petition for a writ of mandamus does not comply with Rule 52.3(j). As a result, the record is not sworn, and the petition is not authenticated. We, therefore, deny the petition for a writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:    August 3, 2021
Date Decided:    August 4, 2021

4