**DENIED and Opinion Filed August 27, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00525-CV**

**IN RE TONY LAMAR VANN, Relator**

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-02399**

## MEMORANDUM OPINION

Before Chief Justice Burns and Justices Myers and Nowell
Opinion by Justice Nowell

Tony Lamar Vann has filed a petition for writ of mandamus contending the respondent trial court judge abused her discretion and violated rules of the State Commission on Judicial Conduct by denying his motion to recuse and issuing rulings in the underlying case during a Zoom teleconference hearing held on May 24, 2021. Relator alleges the respondent had voluntarily recused herself in an unrelated case in which relator is a party, and she is bound by that recusal in the underlying case. For the following reasons, we deny relief.

Relator must file with his petition a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To create a sufficient record, rule 52.3(k)(1)(A) requires relator to file

an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.7(a)(2) requires the relator to file with the petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

In this case, relator has attached to his petition a copy of a motion requesting a stay of proceedings. Attached as an exhibit to the motion is a copy of an order of voluntary recusal signed by the trial court in what appears to be an unrelated case to which relator is a party. The motion is file stamped, but neither it nor the attached exhibit are certified or sworn copies as required to authenticate them under the rules of appellate procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding); *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 138 n.2 (Tex. App.—Houston [14th Dist.] orig. proceeding).

Additionally, relator complains of actions taken in a hearing, but he has not provided a copy of the reporter's record from the hearing to show what transpired

–2–

and whether any testimony was taken. We conclude the record is inadequate for us to determine the merits of relator's petition without a transcript showing what the trial court actually did. *See Walker*, 827 S.W.2d at 837 (requiring relator to file a sufficient record).

Because relator has not filed an appendix of supporting documents that are either certified copies or sworn copies verified with an affidavit or unsworn declaration, and further failed to file a reporter's record of the Zoom hearing describing the alleged actions he challenges, we conclude relator has not met his burden to show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759; *Long*, 607 S.W.3d at 446.

Accordingly, we deny relief on relator's petition for writ of mandamus.

210525f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE