

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-21-00082-CV

_____


IN RE MASON-GIBSON, INC. D/B/A
HOLIDAY INN EXPRESS PALESTINE, TEXAS



Original Mandamus Proceeding




Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

On October 1, 2021, Relator Mason-Gibson, Inc., filed a petition for a writ of mandamus complaining of the trial court's September 30, 2021, order purporting to modify the trial court's judgment and granting Real Party in Interest Christopher Jaynes's motion to compel and motion for sanctions, ordering Mason-Gibson to produce witnesses for depositions within one week, and requiring it to pay Jaynes's attorney fees associated with the motion to compel. We deny the petition.[1]

After reviewing the record, we conclude that Relator failed to comply with Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure. Rule 52.7(a)(1) states that a relator must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P. 52.3(k)(1)(A) ("The appendix must contain . . . a certified or sworn copy of any order complained of, or any other document showing the matter complained of . . . ."). "'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Long*, 607 S.W.3d 443, 445 (Tex. App.—Texarkana 2020, orig. proceeding) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op., not designated for publication) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding))). "The affidavit 'must affirmatively show it is based on

[1]In conjunction with the petition for a writ of mandamus, Relator filed a motion for an emergency stay of all trial court proceedings, including any obligation to produce witnesses for depositions as the trial court ordered on September 30, 2021. Because we deny the mandamus petition, the emergency motion is also denied.

the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *Id.* (quoting *In re Henderson*, 2015 WL 13522812, at *1 (citing *In re Butler*, 270 S.W.3d at 759)).

Although the verification filed by Relator stated that "the documents included in this Record are true and correct copies of pleadings or other documents filed in the trial court in this action," this language is insufficient because it contains no recitation that it was based on the personal knowledge of the affiant. *Id.* at 445; *see In re Landstar*, No. 06-21-00068-CV, 2021 WL 3411534, at *1 (Tex. App.—Texarkana Aug. 4, 2021, orig. proceeding) (mem. op.); *In re Quintana*, No. 02-15-00305-CV, 2015 WL 6395639, at *2 (Tex. App.—Fort Worth Oct. 22, 2015, orig. proceeding) (per curiam) (mem. op.) (finding insufficient the recitation that "documents attached in the appendix are documents filed in this cause of action"); *In re Butler*, 270 S.W.3d at 758 (finding insufficient the recitation that "[t]he documents contained in the attached Record and attached Appendix to the Relators' Petition for Writ of Mandamus are to my knowledge true and correct copies of the original documents"); *see also In re Gentry*, No. 05-20-00442-CV, 2020 WL 2519892, at *1 (Tex. App.—Dallas May 18, 2020, orig. proceeding) (mem. op.) (finding insufficient the recitation on a certification that the petition was "TRUE and CORRECT, to the best of my knowledge under the threat of perjury").

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Long*, 607 S.W.3d at 445–46 (alteration in original) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig.

3

proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding) (mem. op.))). "It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief." *In re Long*, 607 S.W.3d at 446 (quoting *In re Henderson*, 2015 WL 13522812, at *2) (citing TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1))). Because the verification is insufficient, the documents attached thereto are not sworn copies as is required by Rules 52.3(k)(1)(A) and 52.7(a)(1) of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

As a result, the record is not sworn. We, therefore, deny the petition for a writ of mandamus.

Ralph K. Burgess
Justice

Date Submitted:     October 4, 2021
Date Decided:       October 4, 2021

4