

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-22-00004-CV

_____

IN RE JERRY LEE SANDERS

Original Prohibition Proceeding

Before Morriss, C.J., Stevens and Carter,* JJ.
Memorandum Opinion by Justice Stevens

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

The underlying proceeding began in the justice court, precinct 4, of Hunt County, Texas, when Cheryl Vaughan, who is the independent executrix of the estate of Dollie Barrett, filed an action seeking to evict Relator, Jerry Lee Sanders, from what Sanders believes to be his residence. In his petition for a writ of prohibition, Sanders states that the justice court granted the eviction against him in absentia.[1] He appealed the justice court's decision to the County Court at Law No. 2 of Hunt County, the Honorable Joel Littlefield presiding. At a trial de novo, the county court at law granted the eviction and ordered the issuance of a writ of possession in Vaughan's favor. Sanders states that he has filed a motion for new trial, which has yet to be heard. Sanders now seeks what he refers to as a writ of prohibition[2] on an emergency basis,[3] asking this Court to grant his petition and to order the county court at law to vacate its writ of possession pending final review of the order granting his eviction.

"A writ of prohibition directs a lower court to refrain from doing some act while a writ of mandamus commands a lower court to do some act." *Tilton v. Marshall*, 925 S.W.2d 672, 676 n.4 (Tex. 1996). "The same principles control the use of both writs." *Id.* Texas Rule of Appellate Procedure 52.1, which refers to the commencement of "original proceedings," states, "An original appellate proceeding seeking extraordinary relief—such as a writ of habeas corpus,

---

[1]According to Sanders, the trial on the eviction petition was set on a date when Sanders was hospitalized for problems associated with chronic obstructive pulmonary disease (COPD).

[2]Sanders's petition may have been more properly filed as a writ of mandamus. Yet, because we deny his petition for a writ of prohibition on a procedural basis, we need not address any other potential issue.

[3]Sanders contends that Vaughan is attempting to obtain possession of the property on January 20, 2022, by 1:45 p.m., which, according to Sanders, is a period of less than twenty-four hours from the time of service.

mandamus, prohibition, injunction, or quo warranto—is commenced by filing a petition with the clerk of the appropriate appellate court." TEX. R. APP. P. 52.1. Further, whether a relator is seeking mandamus relief or a writ of prohibition, he must file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1); *see* TEX. R. APP. P. 52.3(k)(1)(A). ("The appendix must contain . . . a certified and sworn copy of any order complained of, or any other document showing the matter complained of.")

"Documents that are attached to a properly prepared affidavit are sworn copies," while documents attached to an improperly prepared affidavit are not. *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at *1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding)). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant;' the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *Id.* (citing *Butler*, 270 S.W.3d at 759); *see In re Garrett*, No. 05-20-00462-CV, 2020 WL 2552892, at *1 n.1 (Tex. App.—Dallas May 20, 2020, orig. proceeding) (mem. op.) (an affidavit complies when it states, "under penalty of perjury, that the affiant has personal knowledge that the copies of the documents in the appendix are true and correct copies of the originals"). Although Relator's appendix and the record contain copies of file-marked orders and other documents, they are not properly certified or sworn.

Because the record in an original proceeding in the court of appeals is assembled by the parties, we must "strictly enforce[] the authentication requirements of rule 52 to ensure the

3

integrity of the . . . record." *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.) (quoting *In re McKinney*, No. 05-14-01513-CV, 2014 WL 7399301, at *1 (Tex. App.—Dallas Dec. 15, 2014, orig. proceeding)).  In this case, because Sanders failed to provide this Court with an adequate record, we must deny his requested relief.

We therefore deny Sanders's petition for a writ of prohibition.


Scott E. Stevens
Justice

Date Submitted:    January 25, 2022
Date Decided:      January 26, 2022

4