**DENIED and Opinion Filed February 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-22-00124-CV**
_____

**IN RE ISMAEL H. PADILLA, Relator**

**Original Proceeding from the County Criminal Court No. 5**
**Dallas County, Texas**
**Trial Court Cause No. M78-02585-F**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Garcia

In this original proceeding, Ismael H. Padilla petitions the Court for a writ of mandamus to compel the trial court to transmit findings to the court of criminal appeals on a pending post-conviction application for writ of habeas corpus he alleges he filed pursuant to Texas Code of Criminal Procedure article 11.07. We deny relief on relator's petition.

A petition seeking mandamus relief must contain a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Relator's petition does not contain a certification and thus

does not comply with rule 52.3(j). *See id.*; *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Moreover, to establish a right to mandamus relief, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Rule 52.3(k)(1)(A) requires the relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

Relator's petition is not supported by any record. Without a record of documents to support his petitions, relator cannot show he is entitled to mandamus relief. *See Walker*, 827 S.W.2d at 837; *Butler*, 270 S.W.3d at 759.

Finally, we note that even if relator had properly certified his petition and provided authenticated documents to support his contentions, only the court of criminal appeals has jurisdiction to order a trial court to issue findings on a pending article 11.07 writ application. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392

S.W.3d 115, 117–18 (Tex. Crim. App. 2013) (per curiam); *see also In re Ward*, No. 12-15-00142-CR, 2015 WL 3505189, at *1 (Tex App.—Tyler June 3, 2015, orig. proceeding) (mem. op.) (not designated for publication).

Because relator has not shown he is entitled to relief, we deny the petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

220124F.P05