**DENIED and Opinion Filed June 9, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00275-CV

## IN RE NORMAN JOSEPH LANDRY, Relator

**Original Proceeding from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 380-00932-2022**

## MEMORANDUM OPINION

Before Justices Osborne, Partida-Kipness, and Smith
Opinion by Justice Smith

Norman Joseph Landry petitions for a writ of mandamus to compel the trial court to grant him a personal recognizance bond pending appeal. We deny relief.

Relator's petition does not comply with the rules of appellate procedure in that it is not properly certified and is not supported by a record of certified or sworn documents. *See* TEX. R. APP. P. 52.3(j), 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001 (describing process to authenticate documents as sworn copies). Thus, relator has not carried his burden to show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Moreover, the relief that appellant seeks, to be released under a personal bond on his own recognizance, involves the exercise of judicial discretion and is thus not a proper subject for mandamus relief. *See State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (no mandamus relief absent showing relator has no adequate remedy at law and what relator seeks to compel is ministerial act not involving discretionary or judicial decision); *Ex parte Gomez*, 624 S.W.3d 573, 578 (Tex. Crim. App. 2021) (trial court exercises discretion in setting bond and determination reviewed for abuse of discretion).

We deny relator's petition. *See* TEX. R. APP. P. 52.8(a).

220275f.p05

/Craig Smith/
CRAIG SMITH
JUSTICE