**DENIED and Opinion Filed August 26, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-00847-CV**

**IN RE DAVID BARNES, Relator**

**Original Proceeding from the 330th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-11-11126**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Goldstein

Before the Court is relator David Barnes's Emergency Petition for Writ of Mandamus asking us to compel the trial court to vacate its August 24, 2022 Order for Deposit of Additional Fees. Also before the Court is relator's (1) Emergency Motion for Temporary Relief Pending Action on Emergency Petition for Writ of Mandamus and (2) Motion to Seal Court Records.

As the party seeking relief, relator bears the burden to provide the Court with a sufficient record to establish his right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). A relator establishes his right to relief by showing that the trial court clearly abused its discretion and that the relator lacks an appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex.

2004) (orig. proceeding). Relator must provide this Court with a certified or sworn copy of every document that is material to establishing his right to mandamus relief and that was filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

Although relator included a "certification" in his petition and in both volumes of his record, the record is not properly authenticated as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1). Documents included in relator's record and appendix are not certified by a trial court clerk or adequately sworn copies. *See Butler*, 270 S.W.3d at 759; *see also Bonney v. U.S. Bank Nat'l Ass'n*, No. 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas, July 14, 2016, no pet.) (mem. op.).

Even if these deficiencies did not exist, we conclude that relator has failed to demonstrate his entitlement to mandamus relief. *See* TEX. R. APP. P. 52.8(a).

Accordingly, we deny the petition for writ of mandamus. We also deny relator's Emergency Motion for Temporary Relief Pending Action on Emergency Petition for Writ of Mandamus as moot.

We grant relator's Motion to Seal Court Records and direct the Clerk of the Court to place relator's August 26, 2022 petition for writ of mandamus, the accompanying mandamus record, and all documents filed in this proceeding under seal.

/Bonnie Lee Goldstein/
BONNIE LEE GOLDSTEIN
JUSTICE

220847F.P05