

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-22-00062-CV

IN RE C.B., INDIVIDUALLY AND AS NEXT FRIEND FOR J.B., A MINOR

Original Mandamus Proceeding

Before Morriss, C.J., Stevens and van Cleef, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

C.B.[1] has petitioned this Court for a writ of mandamus directing the Honorable Laurine Blake, judge of the 336th Judicial District Court of Fannin County, to vacate the order of dismissal dated July 28, 2022, dismissing C.B. as a party and purporting to terminate his parental rights. Because the documents attached to the petition and otherwise filed as an index are not properly sworn or authenticated, we deny the requested relief.

Rule 52.7(a)(1) of the Texas Rules of Appellate Procedure requires a relator, when filing a petition for a writ of mandamus, to file with it "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). "'Documents that are attached to a properly prepared affidavit are sworn copies,' while documents attached to an improperly prepared affidavit are not." *In re Porter*, No. 06-21-00054-CV, 2021 WL 2425251, at \*1 (Tex. App.—Texarkana June 15, 2021, orig. proceeding) (mem. op.) (quoting *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at \*1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding))). "The affidavit 'must affirmatively show it is based on the personal knowledge of the affiant'; the affidavit 'is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them.'" *In re Henderson*, No. 06-15-00034-CR, 2015 WL 13522812, at \*1 (Tex. App.—Texarkana Mar. 10, 2015, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d at 759).

---

[1]Because this matter involves a suit affecting the parent-child relationship, we refer to father by initials to protect the privacy of the minor child. *See* TEX. R. APP. P. 9.8.

Relator's counsel signed a document purporting to certify certain documents under Rules 52.3(k)(1)(A) and 52.7(a) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(k)(1)(A), 52.7(a). The certification states that the "[a]ppendix contains a true and correct copy of every document that is material to the relator's claim for relief and that was filed in the underlying proceeding." Counsel further certified that "the orders filed with the Appendix is [sic] a true and correct copy of the trial court's order showing the matters complained of." This purported certification was not sworn, did not state that it was based on personal knowledge, and fails to comply with the foregoing rules.[2]

"'Because the record in a mandamus proceeding is assembled by the parties,' we must 'strictly enforce[] the authentication requirements of rule 52 to ensure the integrity of the mandamus record.'" *In re Porter*, 2021 WL 2425251, at *1 (alteration in original) (quoting *In re Morehead*, No. 06-21-00025-CV, 2021 WL 1652064, at *1 (Tex. App.—Texarkana Apr. 28, 2021, orig. proceeding) (mem. op.) (quoting *In re Smith*, No. 05-19-00268-CV, 2019 WL 1305970, at *1 (Tex. App.—Dallas Mar. 22, 2019, orig. proceeding) (mem. op.))). "The failure to file a properly authenticated and adequate record justifies denying relator's petition." *In re Bookman*, Nos. 05-21-00492-CV, 05-21-00493-CV, 05-21-00494-CV, 05-21-00495-CV, 2021 WL 3828461, at *1 (Tex. App.—Dallas Aug. 27, 2021, orig. proceeding) (mem. op.) (citing *In re Butler*, 270 S.W.3d at 759).

---

[2]The petition for a writ of mandamus was properly certified in accordance with Rule 52.3(j) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 52.3(j).

Since Relator did not fully comply with the Texas Rules of Appellate Procedure, we deny

the petition for a writ of mandamus.


                                        Josh R. Morriss, III
                                        Chief Justice

Date Submitted:        August 29, 2022
Date Decided:          August 30, 2022