**DENIED and Opinion Filed October 27, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

No. 05-22-01127-CV
No. 05-22-01128-CV
No. 05-22-01129-CV
No. 05-22-01130-CV
No. 05-22-01131-CV

**IN RE KENZIE NELSON, Relator**

**Original Proceedings from the Criminal District Court No. 5**
**Dallas County, Texas**
**Trial Court Cause Nos. F1133360, F1133384, F1133385, F1133386, &**
**F1133387**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Justice Smith

Before the Court is relator's October 19, 2022 petition for writ of mandamus wherein relator seeks relief against Dallas County District Clerk Felicia Pitre, Dallas County District Attorney John Creuzot, and the Dallas County District Attorney's Office. Relator contends that respondents have "failed to endorse and forward his petition or motion [for post-conviction DNA testing] with a file number, the date and time that it was filed and affix his/her official signature thereto, and to the judge for his affixed official signature to rule thereon." Relator requests this Court to

compel "the district clerk and district attorney to do its duty in the interest of justice." Relator further requests "his records and documents to prepare and file a pro se brief and pro se 11.07 writ of habeas corpus."

To the extent relator seeks relief against the district clerk, district attorney, and district attorney's office, we lack jurisdiction. This Court's power to grant writs in original proceedings is conferred by § 22.221 of the Texas Government Code. We do not have writ jurisdiction over a district clerk, district attorney, or district attorney's office unless it is necessary to enforce our jurisdiction in another proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Hunter*, No. 05-21-00731-CV, 2021 WL 5998004, at *1 (Tex. App.—Dallas Dec. 20, 2021, orig. proceeding) (mem. op.) (district attorney); *In re Cabrera*, No. 05-15-01106-CV, 2015 WL 5692735, at *1 (Tex. App.—Dallas Sept. 29, 2015, orig. proceeding) (mem. op.) (district clerk). Relator does not have an appeal pending before this Court, and this Court does not have jurisdiction over post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *see also Cabrera*, 2015 WL 5692735, at *1. Thus, the relief sought by relator against the district clerk, district attorney, and district attorney's office is not necessary to enforce this Court's jurisdiction.

To the extent relator's petition could be construed as requesting relief against the trial court based on an alleged failure to rule on relator's motion for post-conviction DNA testing, relator has not demonstrated entitlement to mandamus

relief. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(d)(3), 52.3(f)–(h), 52.3(j), 52.3(k), 52.7(a)(1). For instance, relator's petition bears an unsworn declaration stating that he declares "under the penalty of perjury that all allegations of fact contained therein are true and correct to the best of my knowledge." But this certification does not comply with rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Reed*, No. 05-20-00086-CV, 2020 WL 1227172, at *1 (Tex. App.—Dallas Mar. 13, 2020, orig. proceeding) (mem. op.). The petition is also not supported by an appendix or record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a certified petition and appendix or record, relator has not carried his burden. *See In re Jones*, No. 05-22-01113-CV, 2022 WL 12338493, at *1 (Tex. App.—Dallas Oct. 21, 2022, orig. proceeding) (mem. op.); *Butler*, 270 S.W.3d at 758–59.

Accordingly, to the extent relator seeks a writ of mandamus against the district clerk, district attorney, and district attorney's office, we dismiss relator's petition for

want of jurisdiction. To the extent relator seeks a writ of mandamus against the trial court, we deny relator's petition. *See* TEX. R. APP. P. 52.8(a).

/Craig Smith/
CRAIG SMITH
JUSTICE

221127F.P05