**DENIED and Opinion Filed November 17, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-22-01217-CV**

**IN RE PAUL A. PROPES, JR., Relator**

**Original Proceeding from the 199th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 199-82537-08**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Nowell

Before the Court is relator's November 14, 2022 petition seeking a writ of mandamus compelling the trial court to respond to, hold a hearing on, and rule on relator's motion for "Coram Nobis."

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(a)–(h), (j)–(k), 52.7(a). For instance, relator's petition is not properly certified. *See* TEX. R. APP. P. 52.3(j); *In re Phillips*, No. 05-21-01068-CV, 2022 WL 278240, at *1 (Tex. App.—Dallas Jan. 31, 2022, orig. proceeding) (mem. op.); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Relator's petition is also not supported by an appendix or record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 759. Without a certified petition and appendix or record, relator has not carried his burden. *See In re Jones*, No. 05-22-01113-CV, 2022 WL 12338493, at *1 (Tex. App.—Dallas Oct. 21, 2022, orig. proceeding) (mem. op.); *Butler*, 270 S.W.3d at 758–59.

Accordingly, we deny relator's petition for writ of mandamus.


/Erin A. Nowell/
ERIN A. NOWELL
JUSTICE

221217F.P05