**DENY and Opinion Filed December 30, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01361-CV

## IN RE HOWARD HOLLAND, Relator

**Original Proceeding from the 422nd Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 29317D-422**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Schenck

In his petition for writ of mandamus, relator asks us to compel the trial court

to rule on his writ of habeas corpus filed on May 26, 2022. We deny relief.

To obtain mandamus relief, relator must file a sufficient record establishing

his right to a writ of mandamus. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)

(orig. proceeding). To create a sufficient record, rule 52.3(k) requires relator to file

an appendix that contains "a certified or sworn copy of any order complained of, or

any other document showing the matter complained of." TEX. R. APP. P.

52.3(k)(1)(A). Rule 52.7(a) requires relator to file "a certified or sworn copy of every

document that is material to the relator's claim for relief that was filed in any

underlying proceeding." TEX. R. APP. P. 52.7(a)(1).

To qualify as sworn copies, relator must submit an affidavit or unsworn declaration conforming to section 132.001 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001; *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). An inmate's unsworn declaration must state under penalty of perjury that the documents are true and correct copies of the originals. *See In re Hughes*, 607 S.W.3d 136, 138 n.2 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

In his unsworn declaration, relator states that he does "hereby certify that the information contained herein as 'Exhibit' is a true and correct restatement of the summary of the records filed and/or recorded in the following files . . . ." We conclude that this language is insufficient to render the record sworn as required by the Texas Rules of Appellate Procedure. Accordingly, we deny the petition for writ of mandamus without prejudice. *See* TEX. R. APP. P. 52.8(a).

/David J. Schenck/
DAVID J. SCHENCK
JUSTICE

221361F.P05

–2–