**DENIED and Opinion Filed December 6, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-01189-CV**
**No. 05-23-01190-CV**

**IN RE JUAN FRANCISCO TURCIOS, Relator**

**Original Proceeding from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F11-70886, F11-70896**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

Before the Court are relator's November 27, 2023 petitions for writ of mandamus. In his petitions, as we construe them, relator contends that the trial court accepted his plea agreement but violated it by sentencing relator to twenty years instead of the agreed ten-year sentence. Accordingly, relator seeks specific performance of his purported plea agreement.

To establish a right to mandamus relief in a criminal case, a relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). It is the relator's burden to provide a record sufficient to establish his

right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1).

Relator's petitions do not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(a)–(g), 52.3(j)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). We are bound by this Court's precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). Relator included a certification stating that he "declares under penalty of perjury that the foregoing 'Petition for Writ of Mandamus['] is true and correct and to the best of my knowledge." This certification does not satisfy the requirements of rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, rule 52.3(k)(1)(A) requires a relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires the relator to file with his petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). None of the documents

–2–

included with relator's petitions are certified or sworn copies. They are also incomplete in relation to the documents material to his claim for relief.

Accordingly, we deny relator's petitions for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
231189F.P05                                         JUSTICE