**DENIED and Opinion Filed February 23, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-24-00154-CV

### IN RE JAMES BRYAN FEARS, Relator

**Original Proceeding from the 439th Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-21-0769**

## MEMORANDUM OPINION
Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Molberg

Before the Court is relator's February 12, 2024 petition for writ of mandamus.

In his petition, relator seeks to compel the district clerk to provide him "a complete and correct copy of trial documents."

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.1, 52.2, 52.3(a)–(d), 52.3(f)–(k), 52.7(a). For instance, a petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). We are bound by this Court's

precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). Relator included an affidavit stating "that all of the allegations of fact contained in [the petition] are true according to my belief." This certification does not satisfy the requirements of rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Additionally, it is the relator's burden to provide a record sufficient to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); *see also* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). To meet this evidentiary burden, the rules of appellate procedure require the relator to file with the petition certified or sworn copies of documents showing the matter complained of and every document that is material to the relator's claim for relief and that was filed in any underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 759. Certified copies may be ordered from the appropriate court clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also* TEX. CIV. PRAC. & REM.

–2–

CODE ANN. § 132.001 (describing requirements for an unsworn declaration and providing a form jurat for an unsworn declaration by an inmate). Relator's status as an inmate does not relieve him of his duty to comply with the rules of appellate procedure. *See In re Lee*, No. 05-23-00866-CV, 2023 WL 5767562, at \*1 (Tex. App.—Dallas Sept. 7, 2023, orig. proceeding) (mem. op.). Relator failed to file any documents with his petition that are material to his claim for relief.

Finally, even if relator's petition were not defective, we question whether we would have jurisdiction to issue a writ of mandamus against the district clerk as relator asks. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Evens*, No. 05-19-01430-CV, 2020 WL 64668, at \*1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.) ("This Court does not have jurisdiction to issue writs of mandamus against a district clerk unless it is necessary to enforce our own jurisdiction."). Because relator's petition does not meet the requirements for consideration of mandamus relief, it is not necessary for this Court to address this jurisdictional question.

Based on the foregoing reasons, we deny relator's petition for writ of mandamus.

/Ken Molberg//

240154f.p05

KEN MOLBERG
JUSTICE

–3–