**DENIED and Opinion Filed October 14, 2024**



In The
### Court of Appeals
### Fifth District of Texas at Dallas

### No. 05-24-01185-CV

## IN RE TEXAS BOARD OF PARDONS AND PAROLES, Relator

**Original Proceeding from the 193rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-24-08957**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Nowell, and Miskel
Opinion by Justice Nowell

Before the Court is relator's October 8, 2024 petition for writ of mandamus. Relator asks this Court to compel the trial court (1) to vacate its September 12, 2024 order granting real party in interest's motion for continuance and directing relator to engage in discovery and (2) to rule on relator's motion to dismiss.

A relator bears the burden of providing the Court with a record that is sufficient to show it is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet that burden, a relator's petition must contain, among other things, a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the

petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). Here, relator failed to provide the required certification. This defect alone provides grounds for denying relator's mandamus petition. *See In re Integrity Mktg. Grp., LLC*, No. 05-24-00922-CV, 2024 WL 3770377, at *1 (Tex. App.—Dallas Aug. 13, 2024, orig. proceeding) (mem. op.) (denying mandamus relief based solely on lack of rule 52.3(j) certification).

A relator is also required to file with its petition an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). A relator is further required to file with its petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.). Here, relator provided a properly authenticated transcript of the hearing on relator's motion to dismiss and real party's continuance motion. But relator failed to provide sworn or certified copies of the other documents that it included in its mandamus

record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Thus, the record properly before the Court consists of only the hearing transcript. We, therefore, conclude relator failed to meet its burden to provide a record that is sufficient for mandamus review. *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (denying mandamus relief based on lack of rule 52.3(j) certification and lack of sworn or certified record).

Accordingly, for each of the foregoing independent reasons, we deny relator's petition.

Also before the Court is relator's October 8, 2024 motion to stay underlying proceedings. We deny the motion as moot.

241185f.p05

/Erin A. Nowell//
ERIN A. NOWELL
JUSTICE

–3–