**DENIED and Opinion Filed February 15, 2022**



**In The**

**Court of Appeals**

**Fifth District of Texas at Dallas**

**No. 05-21-00943-CV**

**IN RE JOHN N. THOMPSON, Relator**

**Original Proceeding from the 219th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 219-83205-2021**

## MEMORANDUM OPINION

Before Justices Molberg, Reichek, and Smith
Opinion by Justice Molberg

In this original proceeding, John N. Thompson alleges the trial court orally denied a pro se application for writ of habeas corpus he filed. He now petitions the Court for a writ of mandamus to compel the trial court to issue a written order reflecting the trial court's ruling. We deny relief.

A petition seeking mandamus relief must include a certification stating that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The certification must state substantially what is written in rule 52.3(j). *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding).

Relator has not provided any certification for his petition. Thus he has not met the certification requirement of rule 52.3(j). *See id.*

Additionally, relator's petition is not accompanied by a sufficient record to support his assertions. Relator bears the burden to provide the Court with a sufficient record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet his evidentiary burden, rule 52.3(k)(1)(A) requires relator to file an appendix with his petition that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Rule 52.7(a)(1) requires relator to file with the petition "a certified or sworn copy of every document that is material to the relator's claim for relief that was filed in any underlying proceeding." TEX. R. APP. P. 52.7(a)(1). Rule 52.7(a)(2) requires relator to file with his petition "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(2).

Relator's petition is supported only by an uncertified, unsworn copy of the trial court's docket sheet submitted as an attachment to a letter relator filed after filing his petition. Without a sufficient record of documents to support his petition, relator cannot show he is entitled to mandamus relief. *See Butler*, 270 S.W.3d at 759.

Moreover, even if we could consider relator's copy of the trial court docket sheet, it shows he is represented by appointed counsel. Relator is not entitled to hybrid representation in mandamus proceedings in this Court. *See Gray v. Shipley*, 877 S.W.2d 806, 806 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (per curiam) (denying pro se motion seeking permission to file petition for writ of mandamus where relator was represented by appointed counsel in trial court below); *see also In re Scott*, No. 01-20-00793-CR, 2020 WL 7062319, at *1 (Tex. App.—Houston [1st Dist.] Dec. 3, 2020, orig. proceeding) (mem. op., not designated for publication) (dismissing pro se mandamus petition because relator represented by counsel in proceedings below).

We deny relator's petition for writ of mandamus.


210943f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE