**DENIED and Opinion Filed June 9, 2022**



In The
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-00537-CV**

**IN RE MOLLY WILKERSON, Relator**

**Original Proceeding from the 366th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-53554-2020**

## MEMORANDUM OPINION

Before Justices Molberg, Pedersen, III, and Garcia
Opinion by Justice Molberg

In this original proceeding, Molly Wilkerson has filed a petition for writ of

habeas corpus styled as an "Emergency Motion for Writ of Habeas Corpus." In her

petition, relator alleges the trial court has held her in contempt and ordered her jailed

for thirty days for violating what she describes as "a non-existent order to 'never

email the judge directly.'" We deny relief.

To obtain the extraordinary relief of a writ of habeas corpus in an original

appellate proceeding, the relator must file a petition that complies with the

requirements of rule 52 of the rules of appellate procedure. *See* TEX. R. APP. P. 52;

*In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding);

*In re Serrano*, 482 S.W.3d 134, 135 (Tex. App.—El Paso 2015, orig. proceeding).

Among other requirements, the relator must certify that the relator "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." TEX. R. APP. P. 52.3(j). The relator must file an appendix to the petition that contains "a certified or sworn copy of any order complained of, and any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). When the relator seeks habeas relief, the appendix must include proof that the relator is confined. TEX. R. APP. P. 52.3(k)((1)(D).

Rule 52.7(a) requires the relator to file a record that contains "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a)(1), (2). As the party seeking relief, relator bears the burden to provide the Court with a sufficient record to establish her right to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

In this case, relator has not (1) certified her petition, (2) has not filed any supporting documents with her petition, (3) has not provided proof of confinement, and (4) has not filed a reporter's record from the contempt hearing or a statement that no testimony was taken. Without a certified petition and a supporting record

containing the documents, reporter's record, and proof of confinement required by rule 52, we conclude relator has not shown she is entitled to relief. *See Butler*, 270 S.W.3d at 758–59; *Serrano*, 482 S.W.3d at 135.

We deny relator's petition for writ of habeas corpus.


220537f.p05

/Ken Molberg//
KEN MOLBERG
JUSTICE