**DENY and Opinion Filed August 23, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

## No. 05-22-00817-CV

## IN RE JACKI L. PICK, Relator

**Original Proceeding from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. OSW-22-00030-H**

## MEMORANDUM OPINION

Before Justices Myers, Nowell, and Goldstein
Opinion by Justice Myers

Before the Court is relator's August 18, 2022 Petition for Writ of Mandamus

challenging a trial court's August 15, 2022 Order to Appear and Testify. The order

was signed by Judge Rick Magnis, who was sitting by assignment.

Also before the Court is relator's August 18, 2022 Emergency Motion for Stay

where relator seeks a stay of the August 15, 2022 Order to Appear and Testify.

As the party seeking relief, relator bears the burden to provide the Court with

a sufficient record to establish its right to relief. *Walker v. Packer*, 827 S.W.2d 833,

837 (Tex. 1992) (orig. proceeding). A relator establishes its right to relief by showing

that the trial court clearly abused its discretion and that the relator lacks an appellate

remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). Relator must provide this Court with a certified or sworn copy of every document that is material to establishing their right to mandamus relief and that was filed in the underlying proceeding. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

The record is not properly authenticated as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k), 52.7(a)(1). Documents included in relator's record and appendix are not certified by a trial court clerk or adequately sworn copies. *See Butler*, 270 S.W.3d at 759. Additionally, the record reflects that a hearing was held on July 28, 2022, but relator has neither filed a properly authenticated transcript of any testimony from that hearing nor provided a statement that no testimony was adduced in connection with the matter complained of at that hearing. *See* TEX. R. APP. P. 52.7(a)(2).

Accordingly, we deny the petition for writ of mandamus.[1] We also deny relator's Emergency Motion for Stay as moot.

220817f.p05

/Lana Myers//
LANA MYERS
JUSTICE

---

[1] The order assigning Judge Rick Magnis states that his assignment was for August 8, 2022, through August 12, 2022. We have no authority to issue a writ of mandamus to a successor judge for a visiting judge's rulings. *See* TEX. R. APP. P. 7.2(b); *In re Caddell*, No. 05-21-00233-CV, 2021 WL 3412238, at *1 n.1 (Tex. App.—Dallas Aug. 4, 2021, orig. proceeding) (mem. op.). Thus, we question whether rule 7.2(b) would require us to give the successor judge an opportunity to reconsider the challenged order before we may consider relator's request for mandamus relief.