**DISMISS and Opinion Filed October 21, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01113-CV**

**IN RE TRACI R. JONES AND SHARON M. COTTON, Relators**

**Original Proceeding from Ellis County, Texas**

**MEMORANDUM OPINION**

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Justice Smith

Before the Court is relators' October 18, 2022 Emergency Petition for Emergency Injunction Against Electronic Voting Systems against respondents Randy Stinson, Ellis County Commissioner, Precinct 1; Lane Grayson, Ellis County Commissioner, Precinct 2; Paul Perry, Ellis County Commissioner, Precinct 3; Kyle Butler, Ellis County Commissioner, Precinct 4; Todd Little, Ellis County Judge; and Krystal Valdez, Ellis County Clerk.

Relators request various relief prohibiting respondents from implementing and utilizing computerized equipment to administer the collection, storage, counting, and tabulation of votes in the November 2022 election. Relators request a writ of injunction under § 273.081 of the election code. *See* TEX. ELEC. CODE ANN. § 273.081 ("A person who is being harmed or is in danger of being harmed by a

violation or threatened violation of this code is entitled to appropriate injunctive relief to prevent the violation from continuing or occurring."). Relators also cite § 273.061 of the election code, which authorizes petitions for writ of mandamus to be filed in connection with the holding of elections. *See id.* § 273.061 ("[A] court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election . . . , regardless of whether the person responsible for performing the duty is a public officer."). Thus, we construe relators' petition as a petition for writ of injunction and a petition for writ of mandamus.

A petition for a writ of injunction filed in an appellate court must comply with the requirements of rule 52. *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals . . . may issue . . . all other writs necessary to enforce the jurisdiction of the court."); TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief—such as [an] . . . injunction . . . —is commenced by filing a petition with the clerk of the appropriate appellate court."). Similarly, a proceeding to obtain a writ of mandamus under § 273.063 of the election code shall be conducted in accordance with the rules pertaining to original proceedings of the court in which the petition is filed. *See* TEX. ELEC. CODE ANN. § 273.062.

Relators' petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See* TEX. R. APP. P. 52.1, 52.3(a), 52.3(d)(1)–(3), 52.3(f)–(h), 52.3(j), 52.3(k). For instance, relators' petition is not properly certified.

*See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). The petition is also not supported by an appendix or record. *See* TEX. R. APP. P. 52.3(k)(1), 52.7(a)(1); *Butler*, 270 S.W.3d at 759. Relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a certified petition and appendix or record, relators have not carried their burden. *See Butler*, 270 S.W.3d at 758–59.

But even if these defects did not exist, to the extent relators seek a writ of injunction under § 273.081 of the election code, we do not have jurisdiction to grant any sort of writ other than a writ of mandamus in an original proceeding under the election code. *See* TEX. ELEC. CODE ANN. § 273.081; *In re Meyer*, No. 05-16-00063-CV, 2016 WL 375033, at *5 (Tex. App.—Dallas Feb. 1, 2016, orig. proceeding) (mem. op.); *In re Sepulveda*, No. 05-10-01112-CV, 2010 WL 3476670, at *1 (Tex. App.—Dallas Sep. 7, 2010, orig. proceeding) (mem. op.); *see also In re Jones*, Nos. 05-18-00065-CV, 05-18-00067-CV, 05-18-00068-CV, 2018 WL 549531, at *3 (Tex. App.—Dallas Jan. 24, 2018, orig. proceeding) (mem. op.). Thus, based on the petition before us, we lack jurisdiction to issue a writ of injunction in this proceeding under the election code.

To the extent relators seek a writ of mandamus against respondents under § 273.061 of the election code, we lack jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(b). Relators seek mandamus relief against four Ellis County

commissioners, an Ellis County judge, and the Ellis County Clerk (all elected officials) relating to elections to be held in Ellis County. Ellis County is not within in our district. *See* TEX. GOV'T CODE ANN. §§ 22.201(f), (k), 22.221(b); *cf. Leslie v. State*, No. 03-22-00127-CR, 2022 WL 1038324, at *1 (Tex. App.—Austin Apr. 6, 2022, no pet.) (mem. op.) (concluding appellate court lacked jurisdiction over criminal appeal from county not within appellate court's district).

We do have authority to "issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). And relators do have a pending appeal that was transferred to this Court from the Waco Court of Appeals. *See* Misc. Docket Order. No. 22-9083, arts. V, VII (Tex. Sept. 27, 2022). But relators' appeal concerns an Ellis County trial court's order granting respondents' plea to the jurisdiction. Relators do not assert that we have jurisdiction to issue a writ of mandamus against respondents because the writ is necessary to enforce the jurisdiction of this Court in their pending appeal for any reason, and we can ascertain none based on the petition before us.

Accordingly, we dismiss relators' petition for want of jurisdiction.

/Craig Smith/
_____
CRAIG SMITH
JUSTICE

221113F.P05

–4–