**DENY and Opinion October 28, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01116-CV**

**IN RE LAVACE DURELL MORGAN, Relator**

**Original Proceeding from the 354th District Court**
**Hunt County, Texas**
**Trial Court Cause No. 21838**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Partida-Kipness, and Justice Smith
Opinion by Chief Justice Burns

Before the Court is relator's October 13, 2022 petition for a writ of mandamus wherein relator seeks relief against the trial court and the Hunt County District Clerk, although the name relator gives for the district clerk appears to be the name of the Hunt County Chief Deputy. Relator petitions this Court to compel respondents to send a copy of his judgment of conviction to the Texas Department of Criminal Justice.

To the extent relator seeks relief against the district clerk or chief deputy, we lack jurisdiction. This Court's power to grant writs in original proceedings is conferred by § 22.221 of the Texas Government Code. We do not have writ jurisdiction over a district clerk or chief deputy unless it is necessary to enforce our

jurisdiction in another proceeding. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b); *In re Meeks*, No. 06-22-00033-CV, 2022 WL 1559081, at *1 (Tex. App.—Texarkana May 18, 2022, orig. proceeding) (mem. op.) (chief deputy); *In re Cabrera*, No. 05-15-01106-CV, 2015 WL 5692735, at *1 (Tex. App.—Dallas Sept. 29, 2015, orig. proceeding) (mem. op.) (district clerk).

Relator does have an appeal pending before this Court. But relator does not refer to that appeal in his petition. He gives no reason why the relief sought is necessary to enforce our jurisdiction in that proceeding, and we can ascertain no such reason based on the petition before us. Further, to the extent relator seeks relief against the district clerk or chief deputy so that he may prepare a petition for writ of habeas corpus, the relief sought is not necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a). This is because this Court does not have jurisdiction over post-conviction habeas corpus proceedings. *See* TEX. CODE CRIM. PROC. ANN. art. 11.05; *see also Cabrera*, 2015 WL 5692735, at *1.

To the extent relator seeks relief against the trial court, relator has not demonstrated entitlement to mandamus relief. To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding).

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See, e.g.*, TEX. R. APP. P. 52.3(a)–(c), 52.3(d)(2)–

(3), 52.3(e), 52.3(g)–(k), 52.7(a)(1). For instance, relator states that he "certifies under oath the above is true[,] correct[,] and complete under penalty of perjury." But this certification does not comply with rule 52.3(j). *See* TEX. R. APP. P. 52.3(j); *In re Reed*, No. 05-20-00086-CV, 2020 WL 1227172, at *1 (Tex. App.—Dallas Mar. 13, 2020, orig. proceeding) (mem. op.). The petition is also not supported by an appendix or record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a certified petition and appendix or record, relator has not carried his burden. *See In re Jones*, No. 05-22-01113-CV, 2022 WL 12338493, at *1 (Tex. App.—Dallas Oct. 21, 2022, orig. proceeding) (mem. op.); *Butler*, 270 S.W.3d at 758–59.

Accordingly, to the extent relator seeks a writ of mandamus against the district clerk or chief deputy, we dismiss relator's petition for want of jurisdiction. To the extent relator seeks a writ of mandamus against the trial court, we deny relator's petition. *See* TEX. R. APP. P. 52.8(a).

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

221116F.P05

–3–