**DENY and Opinion Filed December 19, 2022**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-01335-CV

### IN RE UMTH GENERAL SERVICES, L.P., Relator

**Original Proceeding from the 192nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-22-09833**

## MEMORANDUM OPINION

Before Justices Schenck, Reichek, and Carlyle
Opinion by Justice Reichek

Before the Court is relator UMTH General Services, L.P.'s December 14, 2022 petition for writ of mandamus.[1] Relator challenges the trial court's November 30, 2022 order denying a motion to dismiss. Also before the Court is relator's December 15, 2022 motion to stay and request for expedited consideration.

Entitlement to mandamus relief requires relator to show that the trial court clearly abused its discretion and that relator lacks an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig.

---

[1] A petition filed with this Court commencing an original proceeding must be captioned "*In re* [name of relator]." TEX. R. APP. P. 52.1. "The party seeking the relief is the relator." TEX. R. APP. P. 52.2. Although the body of relator's petition refers to multiple parties as "relators," UMTH General Services, L.P. is the only party who has commenced this original proceeding.

proceeding). Relator bears the burden of providing the Court with a sufficient record to show it is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Here, however, relator's petition is not properly certified. *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). Further, the record reflects that the trial court held a hearing on relator's motion to dismiss on November 30, 2022. But relator neither provided a properly authenticated transcript of any relevant testimony from that hearing, including any exhibits offered into evidence, nor a statement that no testimony was adduced in connection with the matter complained. *See* TEX. R. APP. P. 52.7(a)(2).

Accordingly, we conclude that relator has failed to carry its burden and deny relator's petition for writ of mandamus without prejudice to refiling. *See* TEX. R. APP. P. 52.8(a). We also deny as moot relator's motion to stay and request for expedited consideration.

/Amanda L. Reichek/
AMANDA L. REICHEK
JUSTICE

221335F.P05