**DENY and Opinion Filed January 9, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

### No. 05-22-01372-CV

### IN RE CEDRIC MILLAGE, Relator

**Original Proceeding from the 296th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 366-80247-07**

## MEMORANDUM OPINION

Before Justices Reichek, Carlyle, and Kennedy
Opinion by Justice Kennedy

In this original proceeding, relator seeks a writ of mandamus compelling the trial court to conduct a hearing and make a finding regarding the results of post-conviction DNA testing pursuant to Article 64 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. arts. 64.04. We deny the petition.

To establish a right to mandamus relief in a criminal case, the relator must show that the trial court violated a ministerial duty and there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). As the party seeking relief, the relator has the burden of providing the Court with a sufficient mandamus record to establish his right to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); TEX. R. APP.

P. 52.3, 52.7. Here, relator has filed with the petition only unauthenticated documents, rather than certified or sworn copies of the motions and other relevant documents as the rules require. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding). Without a properly authenticated record, relator has not carried his burden. *See Butler*, 270 S.W.3d at 758–59.

Additionally, relator has not included with his petition any documentation showing that he has requested the trial court to conduct a hearing and issue a finding pursuant to Article 64.04. Without such a showing, relator cannot demonstrate he is entitled to mandamus relief for the trial court's failure to act. *See In re Perkins*, 512 S.W.3d 424, 432 (Tex. App.—Corpus Christi 2016, orig. proceeding) (basic tenet of mandamus practice requires relator to show demand for performance and refusal to act).

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Nancy Kennedy/
NANCY KENNEDY
JUSTICE

221372F.P05