**DENIED and Opinion Filed May 5, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00381-CV

## IN RE ROBERT LANCASTER AND ALICIA LANCASTER, INTERVENORS, Relators

**Original Proceeding from the 255th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DF-20-03861**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Garcia

Before the Court is relators' April 26, 2023 petition for writ of mandamus wherein relators challenge a memorandum ruling dated April 13, 2023.[1]

Entitlement to mandamus relief requires relators to show that the trial court clearly abused its discretion and that relators lack an adequate appellate remedy. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding).

---

[1] Relators contend the trial court was without jurisdiction to set and go forward with the proceedings that took place on April 13, 2023, because our mandate had not yet issued in No. 05-21-01108-CV. We express no opinion on the merits of relators' petition, but we note that relators do not explain whether § 109.001 of the Texas Family Code may apply.

Based on our review, the appendix attached to relators' petition contains unredacted sensitive information, including a minor's birthdate and address, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. Accordingly, we strike the petition and its attached appendix.

Moreover, relators bear the burden of providing the Court with a sufficient record to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Gonzalez*, No. 05-23-00056-CV, 2023 WL 3143425, at *1 (Tex. App.—Dallas April 28, 2023, orig. proceeding) (mem. op.). Relators were required to file with their petition a certified or sworn copy of every document material to their claim for relief. *See* TEX. R. APP. P. 52.7(a)(1); *see also* TEX. R. APP. P. 52.3(k)(1)(A).

Relators filed their attorney's unsworn declaration with their petition. An unsworn declaration must be "subscribed by the person making the declaration as true under penalty of perjury." *Bonney v. U.S. Bank Nat'l Ass'n*, No. 05-15-01057-CV, 2016 WL 3902607, at *3 (Tex. App.—Dallas, July 14, 2016, no pet.) (mem. op.). "[T]he inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit." *Id.*; *see also In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding) ("An affidavit is insufficient

unless the statements in it are direct and unequivocal and perjury can be assigned to them.").

Here, relators' attorney declares that she has "reviewed the documents contained in the mandamus record" and that they "are true and correct copies of the pleadings, orders, and documents they purported to be, which were filed, submitted, or received in the trial court proceedings and/or in the appellate proceedings in this matter." The attorney declares that the facts stated "in this affidavit are true and correct and are based upon [her] personal knowledge." But the attorney's unsworn declaration does not invoke the penalty of perjury. Accordingly, we conclude that relators have failed to meet their burden to provide a sufficient record.

Accordingly, we deny the petition for writ of mandamus. *See* TEX. R. APP. P. 52.8(a).

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230381F.P05