**DISMISSED and Opinion Filed August 18, 2023**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00798-CV**

**IN RE CARLOS ENRIQUE LORDUY, Relator**

**Original Proceeding from the 302nd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-23-08291**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Carlyle

Before the Court is relator's August 15, 2023 "Motion for Preliminary Injunction," which we construe as a petition for writ of injunction. Relator asks this Court to (1) "grant a preliminary injunction ordering the immediate return of [a] child to" relator's custody pending the resolution of the underlying case and (2) "investigate the circumstances surrounding the denial of visitation and to ensure the child's safety and well-being moving forward."

A petition for a writ of injunction filed in an appellate court must comply with the requirements of rule 52. *See* TEX. GOV'T CODE ANN. § 22.221(a) ("Each court of appeals . . . may issue . . . all other writs necessary to enforce the jurisdiction of the

court."); TEX. R. APP. P. 52.1 ("An original proceeding seeking extraordinary relief—such as [an] . . . injunction . . . —is commenced by filing a petition with the clerk of the appropriate appellate court.").

Relator's petition does not comply with the Texas Rules of Appellate Procedure in numerous respects. *See* TEX. R. APP. P. 52.1, 52.3(a)–(h), (j)–(k), 52.7(a). For instance, relator's petition is not certified. *See* TEX. R. APP. P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). The petition is also not supported by an appendix or record. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *Butler*, 270 S.W.3d at 759. Relator bears the burden of providing the Court with a sufficient record to show he is entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Without a certified petition and appendix or record, relator has not carried his burden. *See Butler*, 270 S.W.3d at 758–59.

Additionally, to the extent relator seeks injunctive relief, this Court has authority to "issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." TEX. GOV'T CODE ANN. § 22.221(a). Relator has an appeal pending in this Court in Case No. 05-23-00625-CV. But relator's requested injunctive relief is not necessary to enforce this Court's jurisdiction in relator's pending appeal, and relator otherwise asserts no appropriate reason for us to enter injunctive relief.

To the extent relator asks this Court to conduct an investigation, our original jurisdiction does not include jurisdiction to conduct such investigations. *See* TEX. CONST. art. V, § 6; TEX. GOV'T CODE ANN. § 22.221.

Accordingly, we dismiss relator's petition for want of jurisdiction.


/Cory L. Carlyle/
CORY L. CARLYLE
JUSTICE


230798F.P05