**Denied and Opinion Filed August 23, 2024**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-24-00961-CV

## IN RE JOSHUA S. BROOKS, INDIVIDUALLY AND AS ASSIGNEE OF INFINITY CONCISE MANUFACTURING LLC, DARK HORSE CAPITAL LLC, DARK HORSE DISTRIBUTION LLC, DARK HORSE CAPITAL HOLDINGS LLC, H AND A VENTURES INCORPORATED, AND JSK DISTRIBUTION LLC, Relators

**Original Proceeding from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-23-21494**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Pedersen, III

Before the Court is relators' August 15, 2024 petition for writ of mandamus.

Relators challenge the trial court's July 19, 2024 Order Denying Plaintiff/Counter-Defendant Joshua A. Brooks' and Third-Party Defendants' Rule 91a Motions to Dismiss.

Relators bear the burden of providing the Court with a record that is sufficient to show they are entitled to relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relators' petition is not properly certified. *See* TEX. R. APP.

P. 52.3(j); *In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding). We are bound by this Court's precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). To comply with prior opinions of this Court that interpret the mandamus rules, relators should use the exact words of rule 52.3(j) without deviation in their certification. *Id.*

Additionally, the documents relators included in their mandamus record are not sworn or certified copies as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1). Although relators provided a signed verification, the verification is insufficient. *See In re Lancaster*, No. 05-23-00381-CV, 2023 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.) ("An unsworn declaration must be subscribed by the person making the declaration as true under penalty of perjury.") (internal quotation marks and citation omitted); *Butler*, 270 S.W.3d at 759 ("An affidavit is insufficient unless the statements in it are direct and unequivocal and perjury can be assigned to them."). Without a certified petition and authenticated record, relators have not carried their burden. *See Butler*, 270 S.W.3d at 758–59.

Accordingly, we deny relators' petition for writ of mandamus.

/Bill Pedersen, III/
BILL PEDERSEN, III
JUSTICE

240961F.P05