**Denied and Opinion Filed August 28, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-24-01006-CV

## IN RE ADRIAN HOLDEN, Relator

**Original Proceeding from the 283rd Judicial District Court
Dallas County, Texas
Trial Court Cause No. F06-73800**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relator's August 22, 2024 petition for writ of mandamus.

Relator asks this Court to compel the trial court to rule on a post-conviction motion

for DNA testing that relator contends he filed in 2019.

It is relator's burden to provide the Court with a record that is sufficient to

show he is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex.

1992) (orig. proceeding). A petition seeking mandamus relief must include a

certification stating that the relator "has reviewed the petition and concluded that

every factual statement in the petition is supported by competent evidence included

in the appendix or record." TEX. R. APP. P. 52.3(j). We are bound by this Court's

precedent requiring exceptionally strict compliance with rule 52.3(j)'s requirements. *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.). Here, relator provided an unsworn declaration wherein he stated that "the statements contained in this [p]etition [f]or a [w]rit [o]f [m]andamus [are] within [his] personal knowledge and are true and correct," and he provided a certification wherein he stated that "[e]very factual statement in the Petition is supported by competent evidence here [sic] is true and correct." These certifications do not meet rule 52.3(j)'s requirements. To comply with prior opinions of this Court that interpret the mandamus rules, a relator should use the exact words of rule 52.3(j) without deviation in his certification. *Id*.

Additionally, although relator filed documents with his petition, they are not sworn or certified copies as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a). Without a properly certified petition and properly authenticated appendix or record, we conclude that relator has not carried his burden. *See In re Butler*, 270 S.W.3d 757, 759 (Tex. App.—Dallas 2008, orig. proceeding).

Accordingly, we deny relator's petition for writ of mandamus.

Relator's August 22, 2024 motion to proceed in forma pauperis is denied as moot.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

241006F.P05