**DENIED and Opinion Filed August 30, 2024**



In The
# Court of Appeals
## Fifth District of Texas at Dallas

_____

### No. 05-24-01014-CV
_____

**IN RE DR. ROBERT TAFEL; ROBERT E. TAFEL, D.D.S., PA D/B/A BEAR CREEK FAMILY DENTISTRY; BUCKNER MARKETPLACE DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; PECAN PLAZA DENTAL, PA; PIONEER DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; WESTCLIFF DENTAL. PA D/B/A BEAR CREEK FAMILY DENTISTRY; SPRING VALLEY CROSSING DENTAL. PA D/B/A BEAR CREEK FAMILY DENTISTRY; PLAZA DE ORO DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; TORRE VISTA DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; TOWN NORTH DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; BEAR CREEK FAMILY DENTISTRY, PA D/B/A BEAR CREEK FAMILY DENTISTRY; MESQUITE CROSSING DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; CW VILLAGE DENTAL, PA D/B/A BEAR CREEK FAMILY DENTISTRY; AND BLT SUPPORT SERVICES, LLC F/K/A BLT MANAGEMENT COMPANY, LLC, Relators**

_____

**Original Proceeding from the 44th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-21-11407**

_____

## MEMORANDUM OPINION

Before Justices Pedersen, III, Smith, and Garcia
Opinion by Justice Garcia

Before the Court is relators' August 27, 2024 petition for writ of mandamus.

Upon review, relators' petition does not meet the requirements of the Texas Rules

of Appellate Procedure for consideration of mandamus relief. *See, e.g.*, TEX. R. APP. P. 52.1, 52.3(k)(1)(A), 52.3(i), 52.7(a)(1), 52.7(a)(2).

For example, relators' appendix and record are deficient. Relators bear the burden to provide the Court with a record that is sufficient to show they are entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). Relators failed to meet this burden because the documents included in their appendix and record are not certified or sworn copies as required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A), 52.7(a)(1); *In re Butler*, 270 S.W.3d 757, 758–59 (Tex. App.—Dallas 2008, orig. proceeding). Certified copies may be ordered from the appropriate court clerk. *See In re Hamilton*, No. 05-19-01458-CV, 2020 WL 64679, at *1 (Tex. App.—Dallas Jan. 7, 2020, orig. proceeding) (mem. op.). Documents become sworn copies when they are attached to an affidavit or to an unsworn declaration stating under penalty of perjury that the person making the affidavit or unsworn declaration has personal knowledge that the copies of the documents attached are correct copies of the originals. *See id.*; *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 132.001. Relators attempted to authenticate the documents in their appendix and record with an attorney certification that fails to comply with the above requirements.

Accordingly, we deny relators' petition for writ of mandamus.

/Dennise Garcia/
DENNISE GARCIA
241014F.P05                                     JUSTICE