**DENIED and Opinion Filed September 27, 2024**



**In the**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-01096-CV**

**IN RE KUTLAY MESCIOGLU, Relator**

**Original Proceeding from the 254th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-24-00182**

## MEMORANDUM OPINION

Before Justices Molberg, Carlyle, and Breedlove
Opinion by Justice Carlyle

Before the Court is relator's September 18, 2024 petition for writ of mandamus. Relator asks this Court to compel the trial court to vacate an August 6, 2024 memorandum ruling whereby the district judge affirmed two associate judge reports dated June 28, 2024, in the underlying divorce proceeding.

The associate judge denied relator's application for a protective order against real party in interest, granted real party's application for a protective order against relator as to real party, and ordered relator to pay $5,000 in attorney's fees for real party's prosecution of her protective-order application. With respect to temporary orders, the associate judge ruled, among other things, that real party was appointed

temporary sole managing conservator; relator was granted two hours of supervised visitation with the children on the Saturdays following the first, third, and fifth Fridays of each month; relator was ordered to pay monthly child support in the amount of $4,300; and relator was ordered to pay mother's attorneys $12,425.00 in interim attorney's fees.

A relator bears the burden of providing the Court with a record that is sufficient to show he is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). To meet that burden, a relator's petition must contain, among other things, a certification stating that the person filing the petition "has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j).

Here, relator's attorney signed a certification stating: "I certify that I have thoroughly reviewed the Court's file in this matter. I have personal knowledge of the facts stated herein, and such matters are true and correct." This is not a proper rule 52.3(j) certification. *See* Tex. R. App. P. 52.3(j); *In re Stewart*, No. 05-19-01338-CV, 2020 WL 401764, at *1 (Tex. App.—Dallas Jan. 24, 2020, orig. proceeding) (mem. op.) ("To comply with prior opinions of this Court that interpret the mandamus rules, a relator should use the exact words of rule 52.3(j) without deviation in their certification."). This defect alone provides grounds for denying relator's mandamus petition. *See In re Integrity Mktg. Grp., LLC*, No. 05-24-00922-CV, 2024 WL

3770377, at *1 (Tex. App.—Dallas Aug. 13, 2024, orig. proceeding) (mem. op.) (denying mandamus relief based solely on lack of rule 52.3(j) certification).

A relator is also required to file with his petition an appendix that contains "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." Tᴇx. R. Aᴘᴘ. P. 52.3(k)(1)(A). A relator is further required to file with his petition (1) "a certified or sworn copy of every document that is material to the relator's claim for relief and that was filed in any underlying proceeding" and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered into evidence, or a statement that no testimony was adduced in connection with the matter complained." Tᴇx. R. Aᴘᴘ. P. 52.7(a). Because the parties in an original proceeding assemble their own record, this Court strictly enforces the requirements of rule 52 to ensure the integrity of the mandamus record. *In re Vasquez*, No. 05-15-00592-CV, 2015 WL 2375504, at *1 (Tex. App.—Dallas May 18, 2015, orig. proceeding) (mem. op.). Relator's record does not comply with these rules in at least three ways.

First, although relator provided a certified copy of the reporter's record of the August 2, 2024 de novo hearing before the district judge, relator failed to provide sworn or certified copies of the other documents that he included in his mandamus record. *See* Tᴇx. R. Aᴘᴘ. P. 52.3(k)(1)(A), 52.7(a)(1). Relator's attorney signed a certification attempting to certify the record, but the attorney's certification did not invoke penalty of perjury and is thus insufficient. *See In re Lancaster*, No. 05-23-

00381-CV, 2023 WL 3267865, at *1 (Tex. App.—Dallas May 5, 2023, orig. proceeding) (mem. op.) (holding attorney's unsworn declaration wherein she declared the facts stated in the declaration were true and correct was insufficient because it did not invoke penalty of perjury). Thus, the record properly before the Court consists of only the reporter's record from the de novo hearing.

Second, relator failed to provide the Court with all relevant exhibits admitted into evidence at the de novo hearing. *See* TEX. R. APP. P. 52.7(a)(2). The record before the Court entirely omits three of the exhibits admitted into evidence at the hearing (Exhibits H-4, W-7, and W-10). Although it is unclear whether Exhibit W-10 is relevant to this proceeding, we conclude based on the testimony presented at the hearing and the issues and arguments raised in relator's mandamus petition that Exhibits H-4 and W-7 are relevant and material to relator's requested relief. Further, relator included documents marked as Exhibits H-2, W-5, W-8, and W-9 in his record. But the documents in the record do not match the testimony presented at the hearing authenticating and describing those exhibits. Relator does not explain these discrepancies. Although it is unclear whether Exhibit W-9 is relevant to this proceeding, we conclude that Exhibits H-2, W-5, and W-8 are relevant and material to relator's requested relief but appear to be omitted from the record.

Finally, relator failed to provide the Court with every document that is material to relator's claim for relief and that was filed in the underlying proceeding. *See* TEX. R. APP. P. 52.7(a)(1). For example, relator did not provide the Court with

the parties' respective applications for protective order, relator's request for a de novo hearing, or all pleadings filed by real party in interest wherein she may have pleaded for attorney's fees.

Because relator's record is incomplete and because relator's rule 52.3(j) certification does not comply with the rules, we conclude relator failed to meet his burden to provide a record that is sufficient for mandamus review. *See In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (denying mandamus relief based on lack of rule 52.3(j) certification and lack of sworn or certified record). Accordingly, for each of the foregoing independent reasons, we deny relator's petition.

Additionally, based on our review, relator's petition and its attached appendix contain unredacted sensitive data, including the minors' names and birthdates, in violation of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.9. Accordingly, we strike relator's petition and its attached appendix.

/Cory L. Carlyle/
CORY L. CARLYLE
241096F.P05                                     JUSTICE