

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

No. 08-26-00061-CV

---

In re Maria Ramirez Alvarado

---

## AN ORIGINAL PROCEEDING IN MANDAMUS

---

## MEMORANDUM OPINION

Relator, Maria Ramirez Alvarado, has filed a petition for writ of mandamus asking this Court to "[i]ssue a writ of mandamus directing the Justice Court and County Court at Law No. Six to vacate" an "Order of Possession" allegedly issued by the justice court and an "Order of Writ of Possession" allegedly issued by the county court. Alvarado also requests, in both her petition for writ of mandamus and a separately filed "Emergency Motion for Temporary Relief and Stay," that we issue an order staying enforcement of both court's orders. We dismiss the petition for lack of jurisdiction to the extent Alvarado seeks mandamus relief against the justice court, we deny the

petition regarding Alvarado's request for mandamus relief against the county court, and we dismiss Alvarado's request for emergency relief as moot.

As an initial matter, an appellate court may issue a writ of mandamus "against a judge of a district, statutory county, statutory probate county, or county court in the court of appeals district." Tex. Gov't Code Ann. § 22.221(b). An appellate court may also issue a writ of mandamus if it is "necessary to enforce the jurisdiction of the court." Tex. Gov't Code Ann. § 22.221(a); *In re Anguiano*, No. 13-23-00490-CV, 2023 WL 7932474, at *1 (Tex. App.—Corpus Christi–Edinburg Nov. 16, 2023, orig. proceeding) (mem. op.). Alvarado's petition requests that this Court issue a writ of mandamus against a justice court—a court over which we lack jurisdiction—and makes no showing that the issuance of a writ of mandamus against the justice court is necessary to enforce our jurisdiction. Tex. Gov't Code Ann. § 22.221(a)–(c); *see In re Castro*, No. 02-23-00489-CV, 2024 WL 23627, at *1 (Tex. App.—Fort Worth Jan. 2, 2024, orig. proceeding) (mem. op.) (dismissing petition for writ of mandamus for want of jurisdiction over a justice of the peace); *Anguiano*, 2023 WL 7932474, at *1 (dismissing petition seeking issuance of writ of mandamus against a justice of the peace for want of jurisdiction when the relator failed to show such a writ was necessary to enforce the court's jurisdiction). We conclude that we lack jurisdiction over Alvarado's petition to the extent Alvarado seeks the issuance of a writ of mandamus against the justice court.

In addition, under the rules of appellate procedure, "[t]he person filing [a mandamus] petition must certify that he or she has reviewed the petition and concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(j). A relator must also attach "a certified or sworn copy of any order complained of, or any other document showing the matter complained of," and "a certified or

sworn copy of every document that is material to the relator's claim for relief." Tex. R. App. P. 52.3(k)(1)(B), 52.7(a)(1); *see Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) ("As the parties seeking relief, the Walkers had the burden of providing this Court with a sufficient record to establish their right to mandamus relief."). Finally, a petition must include an argument section that contains "appropriate citations to authorities and to the appendix or record." Tex. R. App. P. 52.3(h).

Alvarado's petition contains a short section entitled "Verification," stating that, "I, Maria Ramirez Alvarado, verify that the factual statements contained in this Petition are true and correct." The petition also includes an "Affidavit of Relator, Maria Ramirez Alvarado," which reiterates each of the factual assertions included in the petition's "Statement of Facts." These statements are not signed and are not statements of the person who filed the petition—Alvarado's counsel. Further, the "Affidavit" is not sworn, and neither the "Verification" nor the "Affidavit" certify that the factual statements made in the petition are supported by evidence in the record or appendix. As a result, the petition lacks the certification required by Rule 52.3(j). Tex. R. App. P. 52.3(j); *see In re Butler*, 270 S.W.3d 757, 758 (Tex. App.—Dallas 2008, orig. proceeding) (holding that petition did not meet the requirements of Rule 52.3(j) because, although the relators' attorney stated the factual statements in the petition were true and correct, this statement did not meet the requirements of the rule, and he failed to provide the required certification—that the factual statements were supported by competent evidence in the record or appendix).

Moreover, the mandamus record does not contain certified or sworn copies of any documents showing the matter complained of and all documents that are material to Alvarado's claim for relief as required by Rule 52.3(k)(1)(B) and Rule 52.7(a)(1). *See* Tex. R. App. P. 52.3(k)(1)(B), 52.7(a)(1). Similarly, although the petition contains an argument section, the

argument lacks *any* citations to authorities or to the appendix or record as required by Rule 52.3(h). *See* Tex. R. App. P. 52.3(h).

After fully considering the petition and mandamus record before us, we conclude that Alvarado has not established an entitlement to mandamus relief. *See In re XPO Logistics Freight, Inc.*, No. 08-25-00184-CV, 2025 WL 2005016, at *1 (Tex. App.—El Paso July 17, 2025, orig. proceeding) (mem. op.); *In re Weaver*, No. 08-25-00162-CV, 2025 WL 1774127, at *1–2 (Tex. App.—El Paso June 26, 2025, orig. proceeding) (mem. op.); *In re Martinez*, No. 08-24-00023-CV, 2024 WL 1723958, at *2 (Tex. App.—El Paso April 22, 2024, orig. proceeding) (mem. op.); *In re Hernandez*, No. 08-23-00160-CV, 2023 WL 4146281, at *1 (Tex. App.—El Paso June 23, 2023, orig. proceeding) (mem. op.); *In re Vasquez*, No. 08-12-00267-CV, 2012 WL 4714492, at *1 (Tex. App.—El Paso Oct. 3, 2012, orig. proceeding) (mem. op.). We dismiss the petition for want of jurisdiction, in part, as to Alvarado's request for mandamus relief against the justice court, and we deny the petition, in part, as to Alvarado's request for relief against the county court. We dismiss the motion for emergency relief as moot.

MARIA SALAS MENDOZA, Chief Justice

January 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.